**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos J. Lopez, | No. CV 11-441-PHX-RCB (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Sergeant Seth Jahnke, et al., | |
| Defendants. | |

Plaintiff Carlos J. Lopez, who is represented by attorney Daniel R. Ortega, Jr., has paid the filing fee and has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff has invoked the Court's supplemental jurisdiction over his state law claims. The Court will order Defendants to answer the Complaint.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

. . . .

. . . .

**TERMPSREF**

1 **II.    Complaint**

2     In his seven-count Complaint, Plaintiff sues Defendants City of Phoenix Police
3 Department Sergeant Seth Jahnke and the City of Phoenix.  Plaintiff asserts that, in the
4 course of conducting a surveillance operation designed to identify and arrest Plaintiff for an
5 alleged aggravated assault and battery, Defendant Jahnke became started when he saw
6 Plaintiff walking towards him and shot Plaintiff in the shoulder.

7     In Count One, Plaintiff alleges that Defendant Jahnke's conduct was unjustified and
8 constituted an unreasonable seizure and an excessive use of force, in violation of Plaintiff's
9 Fourth and Fourteenth Amendment rights.  In Count Two, Plaintiff asserts that Defendant
10 City of Phoenix, through the City of Phoenix Police Department, has a policy or custom of
11 inadequately supervising and training its police officers, that the policies or customs
12 demonstrate a deliberate indifference to Plaintiff's constitutional rights, and that the policies
13 or customs caused a violation of Plaintiff's constitutional rights.

14     Plaintiff also contends that Defendant Jahnke's conduct constitutes an assault (Count
15 Three), a battery (Count Four), and a violation of Plaintiff's rights under the Arizona
16 Constitution (Count Six).  Plaintiff asserts that Defendants were negligent or grossly
17 negligent (Count Five) and their conduct warrants the imposition of punitive damages (Count
18 Seven).  As to his state law claims, Plaintiff alleges that he served Defendants with a Notice
19 of Claim, as required by Arizona Revised Statutes § 12-821.01, and that the claim has been
20 deemed denied.

21     Plaintiff demands a jury trial and seeks monetary damages and attorney's fees and
22 costs.

23     The Court will require Defendants to answer the Complaint.

24 **IT IS ORDERED:**

25     (1)    Defendants must answer the Complaint.

26     (2)    Plaintiff must either serve each Defendant or seek a waiver of service for each
27 Defendant.

28

TERMPSREF

- 2 -

1    (3) If Plaintiff does not either obtain a waiver of service of the summons or
2 complete service of the Summons and Complaint on a Defendant within 120 days of the
3 filing of the Complaint, the action may be dismissed as to each Defendant not served. Fed.
4 R. Civ. P. 4(m).

5    (4) Defendants must answer the Complaint or otherwise respond by appropriate
6 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
7 Rules of Civil Procedure.

8    (5) Any answer or response must state the specific Defendant by name on whose
9 behalf it is filed. The Court may strike any answer, response, or other motion or paper that
10 does not identify the specific Defendant by name on whose behalf it is filed.

11    (6) This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to
12 Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as
13 authorized under 28 U.S.C. § 636(b)(1).

14    DATED this 17th day of March, 2011.

```
                    Robert C. Broomfield
                    Senior United States District Judge
```

TERMPSREF

- 3 -